FILED
05/27/2020
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 6, 2020 Session

## LEGACY FIVE LEASING, LLC, ET AL. v. BUSFORSALE.COM, LLC

Appeal from the Circuit Court for Sumner County
No. 83CC1-2018-CV-530      Joe Thompson, Judge

_____

### No. M2019-01615-COA-R3-CV

_____

A bus and a trailer sustained water damage when the lot where they were stored flooded following a rainstorm. The owner of the bus and trailer sued the operator of the lot, alleging negligence, gross negligence, and breach of contract. Before filing the complaint, the owner disposed of the bus and trailer. The trial court granted the lot operator's motion to dismiss the negligence and breach of contract causes of action. The trial court then dismissed the owner's claim for gross negligence due to spoliation of evidence. The owner appealed the dismissal of its gross negligence claim, and we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which RICHARD H. DINKINS and W. NEAL MCBRAYER, JJ., joined.

George M. Johnson, Brentwood, Tennessee, and Michael A. Durr, Knoxville, Tennessee, for the appellants, Legacy Five Leasing, LLC, and Legacy Five, Inc.

Benjamin Ealey Goldammer, Nashville, Tennessee, for the appellee, Busforsale.com, LLC.

## OPINION

### I. FACTUAL AND PROCEDURAL BACKGROUND

In April 2016, Legacy Five Leasing, LLC purchased a Prevost X3-45 VIP bus that it leased to the gospel singing quartet known as Legacy Five, Inc., which purchased a trailer for the bus to transport a piano and sound equipment. (The two entities will be referred to together as "Legacy Five.") Busforsale.com ("Busforsale") operates a business in Goodlettsville that leases space on an open lot for long-term bus parking and

storage.  In November 2016 Legacy Five leased a space from Busforsale to store its bus and trailer.  As part of its agreement with Busforsale, Legacy Five signed a statement acknowledging that Busforsale "assume[d] no liability or responsibility for damages to [the bus and/or trailer] due to theft, vandalism, fire, flood or other acts of God or man," and that Legacy Five's bus and trailer "[would] be parked in a floodway or floodplain."

On August 31 and September 1, 2017, a rainstorm caused Busforsale's lot to flood.  Legacy Five asserted that its bus and trailer sustained water damage as a result of the flood and filed a complaint against Busforsale the following May in which it asserted claims for negligence, gross negligence, and breach of contract.  Busforsale moved to dismiss the complaint pursuant to Tenn. R. Civ. P. 12.02(6), arguing that Legacy Five failed to state a claim upon which relief could be granted.  The trial court granted Busforsale's motion in part, dismissing the negligence and breach of contract claims.  The court found, however, that Legacy Five's pleadings did not warrant dismissal of the gross negligence claim.

The parties engaged in discovery, and in April 2019, Busforsale moved for summary judgment with respect to the gross negligence claims or, in the alternative, discovery sanctions based on Legacy Five's "spoliation of evidence."  In support of its request for discovery sanctions, Busforsale asserted that Legacy Five sought over $500,000 in damages, but that it "discarded and/or destroyed all of the evidence in support of its claim without providing Busforsale with an opportunity to inspect the property."  The trial court granted Busforsale's request for discovery sanctions by dismissing Legacy Five's remaining claim and denied Busforsale's motion for summary judgment.  The court based its decision to dismiss the complaint on Tenn. Rs. Civ. P. 34A.02[1] and 37.[2]

Legacy Five appealed the trial court's judgment, arguing the court abused its discretion by dismissing the gross negligence claim on the basis of spoliation of evidence.  Busforsale contends the trial court properly dismissed Legacy Five's gross negligence claim, but it argues the court erred in denying its motion for summary judgment.

## II.  STANDARD OF REVIEW

Trial courts have "broad discretion" to impose sanctions for the purpose of preserving the integrity of the discovery process. *Tatham v. Bridgestone Ams. Holding, Inc.*, 473 S.W.3d 734, 742 (Tenn. 2015) (citing *Mercer v. Vanderbilt Univ., Inc.*, 134 S.W.3d 121, 133 (Tenn. 2004)); *see also Funk v. Scripps Media, Inc.*, 570 S.W.3d 205,

---

[1]Rule 34A.02 provides that "Rule 37 sanctions may be imposed upon a party or an agent of a party who discards, destroys, mutilates, alters, or conceals evidence."

[2]Rule 37.02(C) includes dismissal of an action as one of several available discovery sanctions if a party fails to provide or permit discovery.

210 (Tenn. 2019) ("Trial court decisions on pretrial discovery disputes are reviewed using an abuse of discretion standard."). This authority "is rooted in the trial court's inherent power to ensure the proper administration of justice." *Tatham*, 473 S.W.3d at 742 (citing *Lyle v. Exxon Corp.*, 746 S.W.2d 694, 699 (Tenn. 1998)); *see also Mercer*, 134 S.W.3d at 133 ("[T]rial judges have the authority to take such action as is necessary to prevent discovery abuse" and "have wide discretion to determine the appropriate sanction to be imposed."). This discretion to impose sanctions extends to cases in which a party destroys evidence. *See, e.g., Mercer*, 134 S.W.3d at 133; *Gardner v. R & J Express, LLC*, 559 S.W.3d 462, 467-68 (Tenn. Ct. App. 2018); *Gross v. McKenna*, No. E2005-02488-COA-R3-CV, 2007 WL 3171155, at *6-7 (Tenn. Ct. App. Oct. 30, 2007).

The Tennessee Supreme Court recently revisited the abuse of discretion standard and reaffirmed the limitations of an appellate court's review of a trial court's discretionary decision:

> "The abuse of discretion standard of review envisions a less rigorous review of the lower court's decision and a decreased likelihood that the decision will be reversed on appeal. It reflects an awareness that the decision being reviewed involved a choice among several acceptable alternatives. Thus, it does not permit reviewing courts to second-guess the court below, or to substitute their discretion for the lower court's. The abuse of discretion standard of review does not, however, immunize a lower court's decision from any meaningful appellate scrutiny.
>
> Discretionary decisions must take the applicable law and the relevant facts into account. An abuse of discretion occurs when a court strays beyond the applicable legal standards or when it fails to properly consider the factors customarily used to guide the particular discretionary decision. A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence."

*Harmon v. Hickman Cmty. Healthcare Servs., Inc.*, 594 S.W.3d 297, 305 (Tenn. 2020) (quoting *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010) (citations omitted)). The *Harmon* Court then described how appellate courts were to determine whether a trial court had properly exercised its discretion:

> "To avoid result-oriented decisions or seemingly irreconcilable precedents, reviewing courts should review a lower court's discretionary decision to determine (1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the lower court properly identified and applied the most appropriate legal principles applicable to the

decision, and (3) whether the lower court's decision was within the range of acceptable alternative dispositions."

*Id.* (quoting *Lee Med.*, 312 S.W.3d at 524).

## III. ANALYSIS

Our Supreme Court has reviewed cases in which trial courts considered requests to dismiss lawsuits due to the spoliation of evidence when the spoliation was not due to either party's intentional misconduct. *See Tatham*, 473 S.W.3d at 744-45. The *Tatham* Court recognized that "intentional misconduct is not a prerequisite for a trial court to impose sanctions for the spoliation of evidence." *Id.* at 746. Instead, the Court wrote, "the analysis for the possible imposition of any sanction for the spoliation of evidence should be based upon a consideration of the totality of the circumstances," and "should be made on a case-by-case basis." *Id.* at 746. The Court set forth the following factors for a trial court to consider when determining the type of sanction, if any, to impose for the spoliation of evidence:

 (1) the culpability of the spoliating party in causing the destruction of the evidence, including evidence of intentional misconduct or fraudulent intent;

(2) the degree of prejudice suffered by the non-spoliating party as a result of the absence of the evidence;

(3) whether, at the time the evidence was destroyed, the spoliating party knew or should have known that the evidence was relevant to pending or reasonably foreseeable litigation; and

(4) the least severe sanction available to remedy any prejudice caused to the non-spoliating party.

*Id.* at 746-47. Recognizing that dismissing an action "is a severe sanction," the *Tatham* Court held that "'such a sanction would be appropriate in circumstances where any less severe remedy would not be sufficient to redress the prejudice caused' to the non-spoliating party by the loss of the evidence.'" *Id.* at 747 (quoting *Cincinnati Ins. Co. v. Mid-South Drillers Supply, Inc.*, No. M2007-00024-COA-R3-CV, 2008 WL 220287, at *4 (Tenn. Ct. App. Jan. 25, 2008)).

The trial court in the case at bar dismissed Legacy Five's gross negligence claim against Busforsale due to Legacy Five's spoliation of the evidence that formed the basis of its claim. Busforsale filed a statement of undisputed facts when it moved for summary judgment or, in the alternative, discovery sanctions, and Legacy Five did not file a responsive pleading disputing any of those facts. The trial court properly treated the facts

Busforsale included in its statement as true for purposes of ruling on Busforsale's motion. *See Cardiac Anesthesia Servs., PLLC v. Jones*, 385 S.W.3d 530, 539 (Tenn. Ct. App. 2012) ("It is well-settled that, when a non-moving party fails to respond to the moving party's statement of undisputed facts, the court may consider the facts admitted."). The trial court recited the facts it deemed to be true as follows:

> The flood event that damaged plaintiffs' bus occurred on August 31-September 1, 2017. Four (4) days later, on September 5, 2017, Scott Fowler, a co-founder of plaintiff Legacy Five, Inc., confronted John Spellings, defendant's owner, about his actions, or lack thereof, with respect to the flood event. In short, plaintiff knew four (4) days after the event that it would be involved in a legal dispute with defendant. Nonetheless, it transferred the bus, trailer and equipment to third parties without affording the defendant the opportunity to evaluate the plaintiffs' claim for damages.

The court then applied the four factors the *Tatham* Court directed trial courts to address when a defendant seeks the dismissal of an action due to spoliation of evidence. The court wrote:

> With regard to the first factor, the plaintiffs in this case transferred the bus, trailer and equipment to third parties with knowledge that a legal dispute was imminent and without affording the defendant the opportunity to evaluate the plaintiffs' claim for damages. While there is no evidence of intentional conduct or fraud, plaintiffs are nonetheless culpable for the destruction of the evidence.

> With regard to the second factor, there is no question that defendant is prejudiced by the absence of the evidence. The plaintiffs are seeking $500,000 in damages, but with no opportunity to inspect or examine the bus, the trailer, or any of the equipment, the defendant cannot adequately assess the validity of the plaintiffs' repair estimates and expert valuations or the value of their claim.

> Regarding the third factor, the plaintiffs knew on September 5, 2017 that they would be in a legal dispute with the defendant regarding the damage. Despite this, the very next day the plaintiffs relinquished the bus to their insurance carrier, the trailer was sold, and the equipment was either discarded or transferred to the insurance carrier, leaving defendant without the ability to inspect and in a disproportionate posture with Plaintiffs.

The trial court determined that dismissing Legacy Five's action was the appropriate sanction to impose because no less severe remedy would sufficiently redress the

prejudice Busforsale suffered as a result of the loss of the bus, trailer, and equipment that formed the basis of Legacy Five's claim.

On appeal, Legacy Five does not challenge the facts the trial court recited and relied on to support its decision. Rather, Legacy Five argues that (1) it "never acted with an intent to suppress the truth" and (2) Busforsale failed to prove it was prejudiced by the spoliation. This case is similar to *Gardner v. R & J Express, LLC*, 559 S.W.3d 462, 463 (Tenn. Ct. App. 2018), a negligence action in which a key piece of evidence was destroyed before the defendant had an opportunity to inspect it. The plaintiffs in *Gardner* were on a highway, driving their over-the-road tractor and hauling a trailer owned by the defendant, when an axle on the trailer came loose, causing the tractor and trailer to overturn and injure the plaintiffs. *Gardner*, 559 S.W.3d at 463. The plaintiffs asserted that the trailer was the cause of the accident and that the defendant had been negligent in its inspection and maintenance of the trailer. *Id.* The defendant contended the plaintiffs caused the accident by failing to keep the tractor under control and driving too fast. *Id.* The defendant further argued that by allowing their insurance company to take possession of the tractor following the accident, the plaintiffs deprived the defendant of any opportunity to inspect it. *Id.* The defendant asked the trial court to sanction the plaintiffs for destroying evidence that was crucial to its ability to defend the case. *Id.* The trial court granted the defendant's motion by dismissing the plaintiff's action. *Id.* at 464-66. In so doing, the trial court acknowledged that although there was "no evidence of intentional misconduct or fraudulent intent in Plaintiffs' destruction of the tractor," Plaintiffs knew when they signed the title of the tractor over to their insurer that they were going to be filing a lawsuit against the defendant and that the tractor would be a key piece of evidence. *Id.* at 465. The trial court noted that the defendant was unable to prove its theory of the case without being able to inspect the tractor. *Id.* at 466. Because the plaintiffs had destroyed "a critical piece of evidence" that resulted in "severe prejudice to the Defendant," the trial court in *Gardner* concluded that "dismissal [was] the only equitable remedy." *Id.*

On appeal, the *Gardner* plaintiffs argued that the trial court abused its discretion by dismissing its action. *Id.* at 467. After reviewing the trial court's decision and the factors *Tatham* directed trial courts to consider, this court affirmed the trial court's dismissal of the case. *Id.* at 472-73. We focused on the "deferential standard" we are required to apply to conclude that the trial court did not abuse its discretion by dismissing the plaintiffs' negligence action. *Id.* at 472.

Legacy Five acknowledges that sanctioning a party for spoliation is a discretionary decision by a trial court. We cannot reverse a trial court's exercise of discretion unless the court applied an incorrect legal standard, reached an illogical or unreasonable decision, or based its decision on a clearly erroneous assessment of the evidence. *See Harmon*, 594 S.W.3d at 305. As the *Tatham* Court explained, intentional misconduct by the spoliating party is not required for a court to dismiss an action when evidence

material to a claim is not available for a party to examine and use as the basis for a defense. *Tatham*, 473 S.W.3d at 745-46; *see also Gardner*, 559 S.W.3d at 468-69. Despite Legacy Five's claim that Busforsale failed to prove prejudice, the trial court found that without the ability to inspect the bus and trailer, Busforsale could not refute Legacy Five's claims regarding the condition and value of the bus, trailer, and equipment that formed the basis of its claims. *See Cincinnati Ins. Co.*, 2008 WL 220287, at *6 (affirming trial court's dismissal of case due to spoliation where destruction of hose "made it extremely difficult if not impossible, for the defendants to present an effective defense to counter plaintiff's theory" of the case).

"Appellate courts should allow discretionary decisions to stand even though reasonable judicial minds can differ concerning their soundness." *Mercer*, 134 S.W.3d at 133 (citing *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999)). Legacy Five has failed to convince us that the trial court abused its discretion in dismissing Legacy Five's complaint. Finding the lower court's decision "'was within the range of acceptable alternative dispositions,'" *Harmon*, 594 S.W.3d at 305 (quoting *Lee Med.*, 312 S.W.3d at 524), we affirm the trial court's judgment. In light of our holding, Busforsale's argument that the trial court erred in denying its motion for summary judgment is pretermitted.

## IV. CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the appellants, Legacy Five Leasing, LLC and Legacy Five, Inc., for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE

- 7 -